IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS TWAIN FAULKNER,

    Plaintiff,

v.                                       Civil Action No. 5:09CV123
                                                     (STAMP)
COLUMBIA GAS TRANSMISSION, LLC,
(formerly Columbia Gas
Transmission Corporation),
NISOURCE CORPORATE SERVICES COMPANY,
and NISOURCE, INC.

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING THE PLAINTIFF'S REQUEST FOR DISCOVERY;
DENYING THE PLAINTIFF'S MOTION TO PROHIBIT RELIANCE ON
DOCUMENT OF UNCERTAIN ORIGIN FROM ADMINISTRATIVE RECORD;
AND DIRECTING THE PARTIES TO MEET AND CONFER TO ESTABLISH
PROPOSED BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS**

I.    Background

The plaintiff, Thomas Twain Faulkner, filed a complaint in the Circuit Court of Ohio County, West Virginia, asserting a breach of contract claim for severance payments allegedly due under a severance policy. The defendants removed this civil action to this Court pursuant to 28 U.S.C. § 1441(b) as a civil action arising under the laws of the United States as the plaintiff's claims are completely pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA").

Columbia Gas Transmission, LLC employed the plaintiff as a "Team Leader - Operations." The plaintiff's employer eliminated his position. The plaintiff was offered the position of "Project Leader - Valve Specialist." The plaintiff accepted the new

position, but then sought severance benefits, alleging that the two positions were not comparable. The NiSource Severance Policy, the ERISA plan at issue, covered the plaintiff. The severance policy provided that if Columbia Gas Transmission, LLC terminated the plaintiff without cause and if the plaintiff were not offered other, comparable employment, he would be entitled to receive severance pay. The NiSource Benefits Committee administers the ERISA plan. The NiSource Benefits Committee denied the plaintiff's claim for severance benefits, stating that the plaintiff had been offered comparable employment with the company. The plaintiff filed an appeal, which was denied.

On May 10, 2010, this Court held a status and scheduling conference in this civil action. At the status and scheduling conference, this Court established a briefing schedule on the issue of whether discovery should be permitted to supplement the administrative record in this case. The plaintiff thereafter filed a brief "showing his entitlement to discovery," which included a "motion to prohibit reliance on document of uncertain origin from administrative record." The defendants filed a response to which the plaintiff filed a reply. The plaintiff submitted a supplement to briefing following the United States Court of Appeals for the Fourth Circuit's issuance of <u>Williams v. Metropolitan Life Ins. Co.</u>, 609 F.3d 622 (4th Cir. 2010). For the reasons set forth below, this Court denies the plaintiff's request for discovery and

denies the plaintiff's motion to prohibit reliance on document of uncertain origin from administrative record.

## II. Applicable Law

A court reviewing an ERISA plan administrator's decision to deny benefits "must initially decide de novo whether the plan's language grants the administrator discretion to determine the claimant's eligibility for benefits, and if so, whether the administrator acted within the scope of that discretion." Feder v. The Paul Revere Life Ins. Co., 228 F.3d 518, 522 (4th Cir. 2000). When an ERISA plan "vests with the plan administrator the discretionary authority to make eligibility determinations for beneficiaries, a reviewing court evaluates the plan administrator's decision for abuse of discretion." Williams, 609 F.3d at 629-30.[1] A district court does "not disturb a plan administrator's decision if the decision is reasonable, even if [it] would have come to a contrary conclusion independently." Id. at 630. If, however, the plan does not vest the plan administrator with discretion, the

---

[1]Courts in this Circuit previously applied a "modified abuse-of-discretion standard . . . if a plan administrator had a conflict of interest because the administrator both determined benefit eligibility and paid claims, the administrator's decision was given less deference than if the administrator had no conflict of this nature." Williams, 609 F.3d at 630. In Metropolitan Life Insurance Co. v. Glenn, 554 U.S. 105 (2008), the United States Supreme Court held that "the presence of a plan administrator's conflict of interest did not alter the abuse-of-discretion standard of review." Id. at 630-31. Instead, it is to be considered "but one factor among many that a reviewing judge must take into account." Glenn, 554 U.S. at 116.

3

appropriate standard of review is de novo. Woods v. Prudential Ins. Co. of Am., 528 F.3d 320, 322 (4th Cir. 2008).

When a district court employs an abuse of discretion standard, "an assessment of the reasonableness of the administrator's decision must be based on the facts known to it at the time." The Sheppard & Enoch Pratt Hosp. Inc. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994). However, when a district court reviews a plan administrator's action de novo, it may consider evidence that was not taken into account by the administrator. Id.

### III. Discussion

A. Discovery

The NiSource ERISA plan provides:

> The Committee has the complete discretion and authority with respect to the Policy and its application. The Committee reserves the right to interpret the Policy, prescribe, amend and rescind rules and regulations in relation to it, determine the terms and provisions of severance benefits and make all other determinations it deems necessary or advisable for the administration of the policy.

The Fourth Circuit "does not require specific phrases to trigger a particular standard of review." Feder, 228 F.3d at 522. Instead, a court is to "examine the terms of the plan to determine if it vests in its administrators discretion either to settle disputed eligibility questions or construe doubtful provisions of the Plan." Id. Discretionary authority in the administrator can be created by express language. Id. Express grant of discretionary authority is not always required, as the Fourth

4

Circuit has recognized that a plan's terms can create discretion by implication. Id. at 523.

In his brief, the plaintiff argues that absent clear intent to confer discretion, the standard is de novo. He contends that if the plan clearly intended to confer discretion upon itself, it would have stated expressly that the plan administrator has discretionary authority to grant or deny benefits. While this Court agrees that the plan must indicate a "clear intention to delegate final authority to determine eligibility to the plan administrator," Feder, 228 F.3d at 523, this Court does not agree that the plan must use such specific language to grant discretionary authority.

This Court believes that the language of the NiSource ERISA plan provides an express grant of discretionary authority. The plan language provides that the "Committee has the complete discretion and authority with respect to the Policy and its application." The Fourth Circuit has found the express grant where plan language stated: "[Administrator] shall have the full power and discretionary authority to control and manage the operation and administration of the Contract . . . [and] all powers necessary [in] . . . determining all questions relating to Employee . . . eligibility and benefits." Doe v. Group Hospitalization & Med. Servs., 3 F.3d 80, 85 (4th Cir. 1993).

The plaintiff cites to Woods, 528 F.3d 320, to support his contention that the phrase "determine the terms and provisions of

5

severance benefits" must provide discretion in denying benefits. In Woods, the court found that there was no grant of discretion where the language reads that "a claimant is eligible for benefits 'when [Administrator] determines' that eligibility exists and that disabilities are 'determined by [Administrator].'" Woods, 528 F.3d at 322. The court found that this language vested authority in the Administrator, but that it did not create any discretionary authority. The court stated that the "authority to make determinations does not carry with it the requisite discretion under Firestone [Tire & Rubber Company v. Bruch, 489 U.S. 101 (1989)] unless the plan so provides." Id. at 323. The Woods court did provide an example of language creating discretionary authority in the Administrator. The court found this language from the Summary Plan Description not relevant to the court's inquiry because it was not contained in the ERISA plan itself. This language from the Summary Plan Description stated: "The . . . Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." Id. at 322 n.3. The court cited this language, stating that the Administrator "knows how to draft language expressly reserving discretionary authority." The plaintiff also points to the Woods court's citation to Haley v. Paul Revere Life Ins. Co., 77 F.3d 84, 88 (4th Cir. 1996). In Haley, the Fourth Circuit applied a de novo standard of review where the language of an applicable exclusion did not grant the

Administrator discretionary authority to determine whether an employee's disability falls within the scope of the exclusion while other plan provisions may have given the Administrator discretion to decide peripheral issues.

This Court does not agree with the plaintiff's interpretation of <u>Woods</u> and <u>Haley</u>. In <u>Haley</u>, the court described the distinction between the authority/duty to pay benefits and the grant of discretion over benefit determinations. The court used the example of plan language that instructs the administrator to provide specific benefits when a plan participant breaks a leg. <u>Haley</u>, 77 F.3d at 88. In that case, the administrator has no discretion and must provide benefits when a participant breaks his leg. <u>Id.</u> On the other hand, if the plan language instructs the administrator to provide "such benefits when a participant breaks a leg, as are determined by the administrator, in his discretion, to be necessary to assist the participant until the leg is healed," the administrator has been granted discretion. <u>Id.</u> As mentioned above, the NiSource Policy provides that the "Committee has the complete discretion and authority with respect to the Policy and its application. The Committee reserves the right to . . . determine the terms and provisions of severance benefits and make all other determinations it deems necessary or advisable for the administration of the Policy." The language of the NiSource Policy expressly provides the Committee with <u>complete discretion</u> with respect to application of the policy and to determine the terms and

7

provisions of severance benefits. This Court believes that the language granting discretion is more similar to the language used in the plan in Doe, which the Feder court cited, rather than the language used in Woods and Haley.

In the alternative, this Court finds that even if discretionary authority is not expressly granted, it is created by implication. A court will recognize discretionary authority by implication "if the terms of a plan indicate a clear intention to delegate final authority to determine eligibility to the plan administrator." Feder, 228 F.3d at 523. In Boyd v. Trustees of the United Mine Workers Health and Retirement Funds, 873 F.2d 57, 59, the Fourth Circuit found discretionary authority where the plan granted the Administrator the "full and final determination as to all issues concerning eligibility for benefits" and "authorized [them] to promulgate rules and regulations to implement this plan." The Fourth Circuit in Bernstein v. CapitalCare, Inc., 70 F.3d 783, 788 (4th Cir. 1995), found that nearly identical language to the NiSource Policy established an implied grant of authority with the language: "[the Administrator] may adopt reasonable policies, procedures, rules and interpretations to promote the orderly and efficient administration of this agreement" and the payment of benefits will occur "only if [the administrator] determines" specific conditions are met. Finally, the Fourth Circuit has found an implied grant of discretion when the terms of the plan gave the Administrator the power to "determine all benefits and resolve all

questions pertaining to the administration, interpretation and application of the Plan provisions." de Nobel v. Vitro Corp., 885 F.2d 1180, 1187 (4th Cir. 1989).

This Court finds that the language in the NiSource Policy providing the Committee with the complete discretion and authority with respect to the policy and its application and the language reserving the Committee with the right to determine the terms and provisions of severance benefits and to make all necessary or advisable determinations of the administration of the Policy "indicate a clear intention to delegate final authority to determine eligibility to the plan administrator." Feder, 228 F.3d at 523. Accordingly, this Court concludes that NiSource Benefits Committee, as plan administrator, had been granted discretionary authority.

Because this Court concludes that NiSource Benefits Committee had been granted discretionary authority, this Court applies an abuse of discretion standard of review. Williams, 609 F.3d at 629-630. When a district court employs an abuse of discretion standard, "an assessment of the reasonableness of the administrator's decision must be based on the facts known to it at the time." The Sheppard & Enoch Pratt Hosp. Inc., 32 F.3d at 125. The plaintiff argues that the Court must consider the state of the record regarding the element of how the plan was interpreted in other situations. The plaintiff, in his reply brief, concedes that he cannot find a Fourth Circuit to support this statement. This

9

Court agrees with the defendants that there is no Fourth Circuit case directly answering this question because when a court applies an abuse of discretion standard, it does not look outside of the administrative record.  Id.

B.  Motion to Prohibit Reliance

The plaintiff asks this Court to prohibit the defendants from relying upon a portion of the record that the plaintiff states lacks any authorship and contains hearsay.  This Court finds that the plaintiff's motion must be denied.  The Federal Rules of Evidence "do not apply to an ERISA administrator's benefits determination, and [this Court] review[s] the entire administrative record, including hearsay evidence relied upon by the administrator."  Black v. Long Term Disability Ins., 582 F.3d 738, 746 n.3 (7th Cir. 2009).

C.  Proposed Briefing Schedule for Dispositive Motions

This Court directs the parties to meet and confer to establish a proposed briefing schedule for dispositive motions.  The parties should submit this proposed briefing schedule to this Court on or before **February 24, 2011**.

IV.  Conclusion

For the reasons set forth above, the plaintiff's request for discovery is DENIED.  In addition, the plaintiff's motion to prohibit reliance on document of uncertain origin from administrative record is DENIED.  Finally, the parties are DIRECTED

to meet and confer to establish a proposed briefing schedule for dispositive motions to this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   February 10, 2011

>           /s/ Frederick P. Stamp, Jr.
>           FREDERICK P. STAMP, JR.
>           UNITED STATES DISTRICT JUDGE